IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DAVID BUSKE, et al.,

    Plaintiffs,

    v.

OWENS CORNING (CORP.), et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:16-CV-709-TWT

**OPINION AND ORDER**

This is a consumer class action arising out of the marketing and sale of allegedly defective roofing shingles. It is before the Court on the Defendants Owens Corning (Corp.), Owens Corning Sales, LLC, and Owens Corning Roofing and Asphalt, LLC's Partial Motion to Dismiss the Plaintiffs David Buske, Kathy Buske, Robert Pepe, and Mari Rollins' Complaint [Doc. 12]. For the reasons set forth below, the Defendants' Partial Motion to Dismiss [Doc. 12] is GRANTED.

**I. Background**

The Plaintiffs David Buske, Kathy Buske, Robert Pepe, and Mari Rollins are purchasers of the Owens Corning "Supreme®" brand Shingles ("Shingles"), which are designed, manufactured, and sold by the Defendants Owens Corning (Corp.),

Owens Corning Sales, LLC, and Owens Corning Roofing and Asphalt, LLC.[1] Owens Corning represented and continues to represent – in marketing materials and on the Shingles' packaging – that the Shingles met industry standards and accepted building codes.[2] In addition, Owens Corning provides a limited twenty-five year warranty against manufacturing defects.[3]

The Plaintiffs allege that the Shingles suffer from a latent defect. Specifically, "during the manufacturing process, water can be trapped within the layers of the Shingle."[4] And after the Shingles are installed and exposed to environmental conditions, the trapped moisture heats up and expands.[5] This expansion leads to "blistering and the premature loss of the protective mineral granules."[6] The Plaintiffs filed suit, asserting claims for: breach of express warranty (Count I), breach of implied warranties (Count II), breach of contract and implied covenant of good faith and fair dealing (Count III), fraudulent concealment/intentional misrepresentation (Count IV),

---

[1]     Compl. ¶¶ 1, 25-28.

[2]     Id. ¶ 42.

[3]     Id. ¶¶ 43-45.

[4]     Id. ¶ 57.

[5]     Id.

[6]     Id. ¶ 55.

...

negligent misrepresentation (Count V), negligence (Count VI), unjust enrichment (Count VII), violation of the Magnuson- Moss Warranty Act (Count VIII), and violation of the Georgia Uniform Deceptive Trade Practices Act (Count IX). The Plaintiffs seek damages, litigation expenses, and equitable relief.[7] The Defendants move to dismiss Counts VI, VII, X, and portions of the Plaintiffs' request for equitable relief.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[8] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[9] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[10] Generally, notice pleading is all that is required for a valid

---

[7] A portion of the Plaintiffs' request for equitable relief was labeled Count X. The Plaintiffs also request equitable relief in their "Prayer for Relief."

[8] Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); FED. R. CIV. P. 12(b)(6).

[9] Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[10] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th

complaint.[11] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[12]

### III. Discussion

**A. Negligence**

In Count VI of their Complaint, the Plaintiffs assert a claim for negligence against the Defendants. The Defendants move to dismiss the claim, arguing that the claim is barred by the economic loss rule. "The economic loss rule provides that absent personal injury or damage to property other than to the allegedly defective product itself an action in negligence does not lie and any such cause of action may be brought only as a contract warranty action."[13] Here, the Plaintiffs have only alleged damage to the Shingles themselves. The Complaint contains only vague allegations

---

Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[11]  See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985).

[12]  See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 127 S. Ct. at 1964).

[13]  Holloman v. D.R. Horton, Inc., 241 Ga. App. 141, 147 (1999) (quoting Advanced Drainage Sys. v. Lowman, 210 Ga. App. 731, 733-734 (1993)).

that other property was damaged.[14] But "naked assertion[s] devoid of further factual enhancement" are insufficient.[15]

In response, the Plaintiffs state that the average cost of installing a new roof is in the thousands of dollars, of which only 30% to 50% is the cost of the Shingles. Thus, according to the Plaintiffs, the other costs associated with the replacing a roof should fall under "damage to property other than to the allegedly defective product itself."[16] And, because the named Plaintiff Rollins had to replace his roof, he has sufficiently alleged damage to other property.[17] The Court disagrees. The costs associated with replacing a roof do not demonstrate damage to other property. The Plaintiffs then argue that it is too early to dismiss the negligence claim, because

---

[14] See, e.g., Compl. ¶ 38 ("The representative Plaintiffs, like all Class members, have been damaged by Owens Corning's conduct in that they have incurred or will incur costs of repairing or replacing their roofs, and repairing any additional property damaged by the Shingles' premature failure."); id. ¶ 85 ("The Shingles . . . do not perform as warranted . . . leading to . . . related damaged to underlying roof elements, structures, or interiors of Plaintiffs and Class members' residences and other buildings."); id. ¶ 135 ("These failures have caused and will continue to cause Plaintiffs and the Class Members to incur expenses repairing or replacing their roofs as well as any resultant, progressive property damage.").

[15] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

[16] Holloman, 241 Ga. App. at 147.

[17] See Compl. ¶ 24 ("Because Plaintiff Rollins could not sell the house without replacing the roof, on or about January 8, 2016 Plaintiff Rollins replaced the roof at a cost of almost $6,000.").

putative class members – not the named Plaintiffs – may have suffered damage to property other than the Shingles themselves. However, "a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim."[18] Because the Plaintiffs have failed to allege that a named Plaintiff suffered damage to property other than the Shingles themselves, the Plaintiffs' negligence claim must be dismissed.

### B. Unjust Enrichment

The Defendants contend that the Plaintiffs' claim for unjust enrichment should be dismissed because there are contracts governing the transactions between the Plaintiffs and the Defendants. Under Georgia law, "unjust enrichment is available only when there is no legal contract."[19] Where there is a valid contract, the "Plaintiff cannot succeed on an alternative theory of recovery for unjust enrichment."[20] Here, the Plaintiffs allege that they were given an express warranty – which is a contract – by

---

[18] Murray v. U.S. Bank Trust Nat. Ass'n, 365 F.3d 1284, 1289 n.7 (11th Cir. 2004) (internal citation omitted).

[19] American Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C., 426 F. Supp. 2d 1356, 1372 (N.D. Ga. 2006).

[20] Stroman v. Bank of Am. Corp., 852 F. Supp. 2d 1366, 1378 (N.D. Ga. 2012).

the Defendants.[21] In their Partial Motion to Dismiss, the Defendants concede that Owens Corning issued the Plaintiffs express warranties.[22] As a result, the Plaintiffs' unjust enrichment claim should not proceed.

The Plaintiffs counter that they "should be permitted to proceed with their unjust enrichment claims to the extent those claims are separate and distinct from their warranty/breach of contract claims."[23] In particular, the Plaintiffs argue that because the Defendants created an expectation that the Shingles would last twenty-five years and priced the Shingles to reflect that expectation, the "Defendants have been wrongfully enriched and retained profits that should have been either invested into a product that lived up to their promises, or returned to consumers in the form of a lower sales price."[24] The Plaintiffs' argument is without merit. The Defendants' marketing and pricing of the Shingles do not change the fact that an express warranty was given to each named Plaintiff. Thus, the Plaintiffs' unjust enrichment claim should be dismissed.

---

[21] See Atlanta Tallow Co. v. John W. Eshelman & Sons, Inc., 110 Ga. App. 737, 751 (1964) ("An express warranty is a contract . . . .").

[22] Mot. to Dismiss, at 10.

[23] Pls.' Resp. Br., at 12.

[24] Id.

**C. Injunctive and Declaratory Relief**

The Plaintiffs request two forms of injunctive relief. In their "Prayer for Relief," the Plaintiffs seek injunctive relief "requiring Owens Corning to remove and replace Plaintiffs['] and Class members' roofs with a suitable alternative roofing material of Plaintiffs' and Class members' choosing[.]"[25] But injunctive relief is only appropriate "when [a] legal right asserted has been infringed," and there will be irreparable injury "for which there is no adequate legal remedy."[26] The Plaintiffs have failed to allege that legal remedies would be inadequate. Indeed, the monetary damages the Plaintiffs request would sufficiently compensate them for the blistered Shingles.

In Count X, they seek "an injunction pursuant to O.C.G.A. § 10-1-373 to enjoin Owens Corning from selling or marketing the Shingles in the unfair and deceptive manner as alleged herein . . . ."[27] O.C.G.A. § 10-1-373 is a section of Georgia's Uniform Deceptive Trade Practices Act ("UDTPA"). Under the UDTPA, a plaintiff has standing if he or she is "likely to be damaged in the future by some deceptive trade

---

[25]    Compl. at 51.

[26]    <u>Alabama v. U.S. Army Corps of Engineers</u>, 424 F.3d 1117, 1127 (11th Cir. 2005).

[27]    Compl. ¶ 164.

practice of the defendant."[28] Here, the Plaintiffs have not alleged that they intend to purchase the Shingles in the future. Thus, they will not benefit from an injunction relating to the Defendants' marketing scheme. In response, the Plaintiffs argue that they have shown a likelihood of future harm, because they "have suffered from Defendants' ongoing refusal to honor warranty claims, repair or replace defective Shingles, or repair subsequent property damage."[29] However, these are harms the Plaintiffs have already suffered.[30] Indeed, the Plaintiffs' request for damages is based on the Defendants' refusal to honor the express warranty. Even if this was an ongoing harm, the Plaintiffs have failed to demonstrate that the Defendants' denials of the Plaintiffs' warranty claims are deceptive trade practices under the UDTPA.[31] Accordingly, the Plaintiffs' request for injunctive relief should be dismissed.

---

[28] Bolinger v. First Multiple Listing Serv., Inc., 838 F. Supp. 2d 1340, 1364 (N.D. Ga. 2012) (internal quotation marks omitted).

[29] Pls.' Resp. Br., at 15.

[30] See Tri-State Consumer Ins. Co. v. LexisNexis Risk Sols. Inc., 823 F. Supp. 2d 1306, 1327 (N.D. Ga. 2011) ("[T]he only damages that [the plaintiff] alleges are those that it has *already* suffered." (emphasis in original)).

[31] See O.C.G.A. § 10-1-372(a)(5), (a)(7) (deceptive trade practices include representing "that goods or services have sponsorship, approval, characteristics, ingredients, uses [or] benefits . . . that they do not have," and representing "that goods or services are of a particular standard, quality, or grade . . . if they are of another.").

The Plaintiffs also request that the Court issue a declaratory judgment stating, *inter alia*, that:

> d) Owens Corning shall re-audit and reassess all prior warranty claims on the Shingles since January 1, 2007, in which any such claim was either denied in whole or in part, or where Owens Corning did not pay the entire costs of the removal and replacement of Plaintiffs' and Class members' roofs and/or refused to pay for any water damage to claimants' personal property and structures and shall make such claimants whole;

> e) Owens Corning shall establish a program to be communicated to all Class members, which will require Owens Corning to pay for at least annual inspections of all Class members' roofs at its own cost and, to the extent any Shingles exhibit any blistering, shall remove and replace the Shingle roofs without cost to Class members and shall repair any structural damage due to leaks from such Shingles.

The Defendants contend that both requests for declaratory relief are actually requests for injunctive relief. The Court agrees. The above requests are clearly requests for coercive decrees, which are not authorized under the Declaratory Judgment Act.[32] Even if these requests were correctly labeled as requests for injunctive relief, they would nonetheless fail. As noted above, the Plaintiffs have not alleged an inadequate remedy at law. Thus, the Plaintiffs' requests for declaratory relief labeled Count X (d) and (e) should be dismissed.

---

[32] See 28 U.S.C. § 2201 (permitting courts to "declare the rights and other legal relations of any interested party").

## IV. Conclusion

For these reasons, the Court GRANTS the Defendants' Partial Motion to Dismiss [Doc. 12].

SO ORDERED, this 20 day of March, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge